On Application for Rehearing.
Spencer, J.
The defendants in the above two cases, decided with others by us on 23d May, apply for a rehearing, on the ground that we should have rendered in those two cases the same judgment we rendered in the cases against the companies cited through P. A. Barker and Welshans & Woods.
To support their application it is said,
1. That the petitions of the city against them are identical with those against the Barker and Welshans & Woods companies.
2. That the prayer of the petition in all the cases is the same.
3. That the judgments of the court below are similar in all the cases.
This is all true; but the conclusion drawn by counsel that ergo the same judgment ought to have been rendered by this court in all the cases, is, we think, a non sequitur for the following reasons:
The answers of Barker and Welshans & Woods, and their evidence in support thereof, present issues not made by the two companies now complaining.
S. A. Moritz, through whom, as agent, the Westfalian Lloyds is cited, answers by“ a general denial of all plaintiff’s allegations, except such as may be admitted.” He then “admits that he is the agent of said company in New Orleans,” and that as such he had tendered the city $500. The act of February 9,1879, is then pleaded as repealing the city license ordinances.
Fell, through whom the Imperial & Northern is cited, makes in all respects a similar answer.
But the answer of Barker and Welshans & Woods is a very different one. Like the complainants, they plead the acts of ninth February, 1879. But they deny all of plaintiff’s allegations. They specially plead and proved that they are carrying on a separate and independent industry and occupation, to wit, that of insurance agency; that they conduct it in their own interest and for their own benefit in their own offices, kept *787 and paid for by themselves ; that the companies whose insurance they sell have no offices in this city, and no exclusive agents, and issue their policies from their home offices, under an agreement to accept such risks as respondents may place for them; that because they place risks for several companies is no reason why they should be taxed for each company, and that such taxation would be unconstitutional.
Under these special pleadings and proofs we rejected the city’s demands as to the companies cited through Barker and Welshans & Woods, for the very good reasons that the companies were not carrying on an insurance business in this city, had no agents or offices here, and were not suable through Barker and Welshans & Woods, who disclaimed authority to represent them.
But no such special defense was made by Fell or Moritz;. On the contrary, they admitted that they were the agents of their respective companies, and pleaded partial payment of plaintiff’s demand.
Nothing in the record informed us that they were conducting such a business as Barker and Welshans & Woods. No plea or proof to that effect was before us. Nor is there now before us any such plea, except in their briefs for a rehearing, nor any proof except what is contained in an agreement of counsel produced now for the first time, after judgment, whereby it appears that Moritz and Fell each represent an additional company, sued on similar demands by the city, but in which no judgments have yet been signed by the court below, and which, therefore, can not possibly be before us.
It appears by said agreement that Fell and Moritz have agreed that the same judgment shall be entered in their said undecided cases as this court may render in the Westfalian Lloyds case. The counsel complain that the effect of our decree is to make Fell and Moritz each pay $2000 ($1000 for each of their companies) for carrying-on the same business as Barker, who is only to pay $1000. That “ no further animadversion” of our decree is necessary than thus to state its effect, to which we reply that this court decides cases as they are presented by the pleadings and evidence. That outside of the record we can know nothing, and that the court does not feel that its decrees deserve animadversion for failing to sustain defenses which parties have not made. We are asked in consequence of that agreement, made in cases not before us, and produced for the first time on application for rehearing, and not “previous to submission” as agreed, to annul and reverse our decree herein, not because it is wrong upon the pleadings and facts before us, but because through the operation of defendants’ said agreement, they will be forced to pay a double license.
It is not for us to say what effect is to be given to that agreement; perhaps the court below may, under the circumstances, hold that it is *788 not binding; perhaps the city may not insist on it. Whatever its effects, .this court does not feel any responsibility for them.
The rehearing is refused.